

**NUMBER 13-13-00236-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**MICHAEL JOHN MARIN,**                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

**On appeal from the 24th District Court
of DeWitt County, Texas.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

Appellant, Michael John Marin, appeals his conviction for Manufacture or Delivery of a Controlled Substance in Penalty Group 3, less than 28 grams, in a drug free zone, a third degree felony enhanced by a prior felony to a second degree punishment range. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.114 (West 2010); TEX. PEN. CODE § 12.42(a) (West Supp. 2013).

On May 27, 2008, appellant pleaded guilty to the underlying offense and true to the enhancement allegation. The trial court deferred adjudication and placed appellant on community supervision for a term of six years. On December 5, 2012, the State filed a motion to revoke appellant's community supervision and adjudicate guilt. The motion alleged that appellant had violated eleven conditions of his community supervision. Specifically, it alleged that he (1) committed the offense of aggravated assault with a deadly weapon, (2) failed to avoid the use of alcoholic beverages or other substances capable of causing intoxication, (3) failed to report to the supervision department, (4) had a weapon in his possession, (5) failed to abide by the court-imposed curfew, (6) failed to make monthly court cost payments, (7) failed to make monthly supervisory fee payments, (8) failed to make monthly attorney fee payments, (9) failed to pay the court-ordered monthly restitution payments, (10) failed to pay court-ordered monthly fine payments, and (11) failed to complete his court-ordered community service hours by the court-assigned deadline.

On March 5, 2013, at a revocation hearing, the appellant pleaded not true to all of the alleged violations. At this hearing, the State presented evidence that appellant had violated the conditions of his community supervision. The trial court continued the hearing to March 28, 2013 to allow appellant to contact more potential witnesses. At the hearing on March 28, the trial court found that appellant violated conditions of his community supervision, adjudicated appellant guilty of the underlying offense, and sentenced him to fifteen years' confinement in prison.[1]

---

[1] On July 8, 2013, appellant filed his Motion that Court Finds that Appellant has Right to Appeal. We abated and remanded this case to the trial court to hold a hearing on this issue. The trial court held a hearing on August 1, 2013 at which it found that appellant has a limited right to appeal the trial court's revocation of his probation and adjudication of guilt on the underlying offense. Accordingly, appellant's motion is hereby granted.

Concluding that "there are no errors that would result in reversal of the order of the trial court," appellant's counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's appellate counsel has filed a motion to withdraw and a brief with this Court stating that he has found no reversible error committed by the trial court and no arguable ground of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has explained why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel specifically noted that he reviewed the following potential issues: (1) whether the revocation of appellant's community supervision was supported by at least one finding; and (2) whether the trial court erred by imposing the fifteen year sentence. Counsel then proceeded to explain why these potential issues are without merit. Counsel has informed this Court that he has complied with the requirements of *Anders* by (1) examining the record and applicable law and finding no arguable grounds to advance on appeal, (2) serving a copy of the brief

3

and motion to withdraw as counsel on appellant, (3) informing appellant of his right to review the record and to file a pro se response raising any ground of error or complaint which he may desire. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. On October 4, 2013, the State filed a brief in which it agreed with appellant's counsel that appellant had no arguable grounds to advance on appeal. On December 3, 2013, appellant filed a pro se brief, in which he identified issues that he determined could be advanced on appeal.[2] *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, counsel's *Anders* brief, the State's brief, and appellant's pro se brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, we affirm.

## III.  MOTION TO WITHDRAW

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of February, 2014.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.